# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

BRANDONLYN BROOKE NUNLEY,

        Petitioner,

vs.

THE PRIDE GROUP,

        Respondent.

No. C25-4005-LTS

**MEMORANDUM OPINION AND ORDER**

## *I.  INTRODUCTION*

This case is before me on what petitioner Brandonlyn Brooke Nunley filed as a pro se 28 U.S.C. § 2241 habeas petition (Doc. 1-1), seeking release from her state civil commitment.  Because Nunley is in state custody, I concluded that it was necessary to reclassify the petition as one brought under 28 U.S.C. § 2254.  Doc. 3 at 3.  I gave Nunley notice of this reclassification and 30 days to object.  *Id*.  Such an objection (Doc. 4 at 6) was lodged, claiming that § 2254's exhaustion requirements would stifle Nunley's rights because Iowa prevented her from challenging her civil commitment.

Nunley's original filing (Doc. 1-1) came with a motion from Louis Piccone to be appointed Nunley's next friend.  Doc. 2.  However, I found that motion lacking under the applicable standards and gave Piccone 30 days to file an amended motion.  Doc. 3 at 3-5.  Thus, also pending is Piccone's second application (Doc. 4) to be appointed as Nunley's next friend.  I previously reserved ruling on the application and ordered the Iowa Attorney General's Office to enter a limited appearance in this case to file a copy of the state commitment record.  Doc. 5.  I also gave the State an opportunity to address the merits of converting the petition to one under § 2254.  *Id*.

On May 8, 2025, the State filed a copy of the court record regarding Nunley's civil commitment.  Doc. 7.  On June 5, 2025, the State filed a supplemental update (Doc.

9) informing the court that Nunley had been discharged to continue outpatient medication management appointments. The State also filed (Doc. 10) a notice stating its agreement that Nunley's petition should be reclassified as one under § 2254, and thus subject to exhaustion requirements. The State therefore requests that Nunley's petition be dismissed.

## II. DISCUSSION

### A. Proper Procedural Vehicle

Federal habeas corpus review is available to those that wish to challenge their involuntary civil confinement by a state. *Duncan v. Walker*, 533 U.S. 167, 176 (2001). The question here is whether Nunley has properly complied with the procedures to bring her claim. Traditionally, the exclusive means of challenging one's confinement by a state is through § 2254. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003). The state argues, and I agree, that Nunley's claim must be brought under § 2254.[1]

### B. Applicable Standards

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of an application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ of habeas corpus without ordering a response if it plainly appears from the face of

---

[1] In objecting to reclassification on Nunley's behalf, Piccone complained that under § 2254, Nunley is required to exhaust her state remedies. Doc. 4 at 7–8. This is an observation, not an argument. A court is not permitted to disregard binding authority simply because following that authority might have procedural consequences.

2

such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Three primary issues often bar petitions brought pursuant to 28 U.S.C. § 2254. First, that statute requires a petitioner to exhaust his or her claims in the state court system. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). Second, without leave of the Eighth Circuit of Appeals, petitioners are barred from filing a second or successive habeas petition. 28 U.S.C. § 2244(a)(3)(A). Third, applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of § 2244(d)(1), the one-year limitation period . . . begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is timely only if the period was "tolled" for all

3

but a period of less than one year between when the grace-period started, and the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief (PCR) actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" PCR action is before the district court; (2) the time for filing of a notice of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, provided that the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

### C.     *Analysis*

This case hinges on § 2254's requirement that the petitioner must first exhaust his or her state remedies. *See, e.g.*, *Taft v. Iowa*, No. C07-0053, 2007 WL 1662369, at *1 (N.D. Iowa June 6, 2007) (citing 28 U.S.C. § 2254(b)(1)(A)). There is no question that Nunley has not done so here. Indeed, she sought to avoid doing so by improperly filing her petition under 28 U.S.C. § 2241 and then opposing any "redesignation" because of § 2254's exhaustion requirements. Doc. 4 at 6. As noted above, I find Nunley's claim must be considered pursuant to § 2254.

Regardless, even if § 2241 could somehow sustain Nunley's claim, "federal courts should abstain from exercise of [§ 2241] jurisdiction if the issues raised in the petition

4

may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Wraggs v. Clemons-Abdullah*, No. 21-cv-1458, 2022 WL 1131290, at *2 (E.D. Mo. Mar. 24, 2022) (alteration in original) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Iowa offers procedures for Nunley to challenge her involuntary commitment. *See* Iowa Code § 229.37. There is no indication in the state court record that Nunley has done so. Doc. 9. Nunley cannot escape her obligation to first exhaust her state remedies. Her petition must be dismissed.

### III. CONCLUSION

For the reasons set out above:

1. Nunley's motion (Doc. 1) to proceed in forma pauperis is **denied** as moot.[2] The Clerk's office is directed to file the petition (Doc. 1-1).

2. After initial review, Nunley's petition (Doc. 1-1) is **denied** and this case is **dismissed with prejudice** for failure to exhaust state court remedies.

3. Nunley has failed to make the requisite showing for a certification of appealability. *See* 28 U.S.C. § 2253(c)(2). As such, a certificate of appealability is **denied**. If Nunley desires further review of her petition, she may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520–22 (8th Cir. 1997).

4. Piccone's third-party motion (Doc. 4) to be appointed as next friend is **denied** as moot.

---

[2] In response to my earlier order (Doc. 3), Nunley paid the $5.00 filing fee.

5

**IT IS SO ORDERED** this 20th day of March, 2026.

_____
Leonard T. Strand
United States District Judge

6